UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal No. 4:16-cr-004 |
| | § | |
| LEONEL MATA LUNA | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

The United States of America ("Government") files the following response to Leonel Mata Luna's, ("the Defendant") Motion to Withdraw Guilty Plea:

I.

On September 6, 2023, the Defendant appeared before the Court and entered a knowing and voluntary plea to Count 1 of the Fourth Superseding indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine. During the re-arraignment hearing, the Court went to great lengths to ensure that defendant had read the plea agreement, understood the rights which he was giving up, and was aware of the consequences once his plea had been accepted by the Court. On January 30, 2026, more than two years after pleading guilty, the Defendant filed a motion to withdraw his plea of guilty. (D.E. 900).

1

II.

"There is no absolute right to withdraw a guilty plea, and the defendant bears the burden to establish a 'fair and just reason' for withdrawal." *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007); FED. R. CRIM. P. 11(d)(2)(B). A withdrawal is permitted only in limited circumstances and the burden of establishing a fair and just reason always remains on the defendant. *United States v. Ard*, 298 F. App'x 337, 339 (5th Cir. 2008).

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014).

At the re-arraignment hearing, the Court stated on the record that it accepted the Defendant's plea and adjudged him guilty of Count One. *See* Transcript of Re-arraignment, attached as Government's Exhibit 1, p. 20. Because the Court has accepted the Defendant's guilty plea, his motion to withdraw is governed by Federal Rule of Criminal Procedure 11(d)(2). Rule 11(d)(2) provides that a defendant may withdraw a plea of guilty after the court accepts the plea if the defendant can show "a fair and just reason for requesting the withdrawal."

In determining whether the defendant has shown a fair and just reason for withdrawal, the Court should consider the seven factors set out by the Fifth Circuit in *United States v. Carr,* 740 F.2d 339, 343-44 (5th Cir. 1984). The seven factors are: (1) whether the defendant has asserted his innocence; (2) whether allowing

2

the defendant to withdraw his guilty plea would prejudice the Government; (3) whether the defendant has delayed in filing the withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources. *Id.*

The court is not required to make findings as to each of the *Carr* factors, but no one factor, alone, is dispositive. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991)). The Court must make its determination based on the "totality of the circumstances." *Id*. (citing Carr, 740 F.2d at344).

III.

At the Defendant's re-arraignment hearing, the Court reminded him that he was under oath and the importance of being truthful. *See* Transcript of re-arraignment hearing, attached as Government's Exhibit 1, p. 3. The Court advised the Defendant that if he pled guilty and the Court accepted his plea, that he would be adjudicated guilty; at which point he would not be able to withdraw the plea, start over, nor go through the trial process. *Id*. at 10, 14. The Defendant indicated that he understood the proceedings and persisted in his plea of guilty. *Id.* The Defendant heard the factual basis in the plea agreement and told the Court that it

3

was all correct. *Id*. at 16-19. During the re-arraignment, the Defendant signed the plea agreement voluntarily. *Id*. at 8.

During the re-arraignment, the Court advised the Defendant that if he was unhappy with the sentence he received, he would not be allowed to withdraw his plea. *Id*. at 10. Still knowing this information, the Defendant maintained his guilt and proceeded with the re-arraignment.

During his presentence interview, the Defendant provided the Probation Officer a verbal statement in the presence of his attorney during which he acknowledged his guilty for the offense conduct, he apologized for his conduct-- for bringing drugs from Mexico into the United States. PSR ¶ 104. The PSR was initially issued on October 31, 2023; and then revised on December 11, 2023, June 17, 2025, December 9, 2025, and December 12, 2025.

IV.

**A.     The Defendant fails to present any evidence of actual innocence**

Although the Defendant now, after being confronted with an advisory guideline range of 324 to 405 months in prison, asks to withdraw his guilty plea, he fails to detail any evidence which would exonerate him. The evidence presented during the plea and contained in the Government's discovery clearly shows that the Defendant was a member of an ongoing conspiracy to import and distribute cocaine from Mexico into the United States. The Defendant was lawfully

4

intercepted in wiretaps discussing cocaine trafficking with a coconspirator on numerous occasions. Numerous co-defendants debriefed with the Government and detailed the Defendant's involvement in this offense.

The Fifth Circuit has made it clear that an unsupported claim of innocence alone does not permit a withdrawal of a guilty plea. *See United States v. London*, 568 F.3d 553, 563 (5th Cir. 2009) (upholding denial of motion to withdraw guilty plea and noting that the defendant unconvincingly and "blankly asserted his innocence"); *United States v. Rojas*, 898 F.2d 40, 43 (5th Cir. 1990) (affirming denial of the defendant's motion to withdraw because a "claim of innocence, alone, [ . . . ] does not justify withdrawal" and noting that the defendant's "utterly unsupported protestations of innocence and the overwhelming evidence against him" did not justify a withdrawal).

Additionally, the Court thoroughly covered all issues required by Rule 11 with the Defendant before accepting his plea. The Court ascertained that the Defendant was clear-minded, had sufficiently discussed his case and the plea with his attorney, and that no one had induced him to plead guilty or made any promises to persuade him to plead guilty. Exhibit 1, p. 6-8. The Court informed the Defendant that he had the right to not plead guilty and had the right to a jury trial, and to appeal. *Id*. at 13-14. The Defendant answered under oath that he understood each of those rights and was waiving those rights. *Id.*

Finally, after the Defendant entered his guilty plea, the Court asked him if the Government's factual basis was completely true and correct, to which the Defendant answered in the affirmative and that he was in fact guilty of the crime charged in Court One of the Fourth Superseding Indictment. *Id*. at 19.

The Fifth Circuit has repeatedly emphasized that "solemn declarations in open court carry a strong presumption of verity." *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009).

Importantly, the Defendant does plausibly assert his innocence. In fact, he does not deny his guilt or deny that he conspired with others to distribute cocaine to others. Rather, the Defendant argues his original trial counsel, attorney Alexander Macias ("attorney Macias") was ineffective for failing to file a motion to dismiss the indictment contending that the Government failed to charge him within the statute of limitations. D.E. 900 at 2-3.

First, "a statute-of-limitations defense does not call the criminality of the defendant's conduct into question, but rather reflects a policy judgment by the legislature that the lapse of time may render criminal acts ill-suited for prosecution." *Smith v. United States* 586 U.S. 106, 112; *Toussie v. United States,* 397 U.S. 112, 114–115 (1970). Secondly, because there was no statute of limitations violation for the reasons discussed below, attorney Macias was not ineffective for failing to file a motion to dismiss on such grounds.

6

**B.      There is no merit to the Defendant's violation of the statute of limitations claim**

The Defendant argues that the Government failed to timely charge him. Unless otherwise provided by statute, prosecution for federal crimes must begin within five years of the completion of the crime: "when the last element of the crime has been satisfied." 18 U.S.C. § 3282.

18 U.S.C. § 3282 provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Conspiracy is a continuing offense. For statutes such as 18 U.S.C. § 371, which require an overt act in furtherance of the conspiracy, the statute of limitations begins to run on the date of the last overt act. *See Fiswick v. United States*, 329 U.S. 211 (1946); *United States v. Butler*, 792 F.2d 1528 (11th Cir. 1986).

For conspiracy statutes which do not require proof of an overt act, like the Defendant's offense of conviction here --conspiracy to possess with intent to distribute in violation of 21 U.S.C. § 846-- the Government must allege and prove that the conspiracy continued into the limitations period. The crucial question in this regard is the scope of the conspiratorial agreement, and the conspiracy is deemed to continue until its purpose has been achieved or abandoned.  *Smith v.*

*U.S.*, 568 U.S. 106, 113 (2013) (finding that "the government must prove the time of the conspiracy offense if a statute of limitation defense is raised . . . [and] the government satisfies that burden when it proves that the conspiracy continued past the statute of limitations period"); *United States v. Girard*, 744 F.2d 1170, 1172 (5th Cir. 1984)(reversing trial court's dismissal of the indictment finding that the conspiracy was timely charged within the statute of limitations because the conspiracy continued until its purpose (a final payment) was achieved); *see also*, *United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991)( noting when conspiracy is charged, an "indictment satisfies the requirements of the statute of limitations if the government alleges and proves, at trial or pretrial, that the conspiracy continued into the limitations period")(quoting *United States v. Butler,* 792 F.2d 1528, 1532 (11th Cir. 1986)).

The Defendant was initially charged in a Second Superseding Indictment on October 11, 2016 (D.E. 127). He was subsequently charged in a Third Superseding Indictment on March 2, 20217 (D.E.187 ) and on February  21, 2019, in a Fourth Superseding Indictment (D.E. 477). The charged conduct is alleged to have continued from January 1, 2010, until the return date of each indictment.

Although the Defendant pled guilty to Count 1 of the Fourth Superseding Indictment, the date of the first charging document controls when the superseding indictment relates back to the original document. A superseding indictment filed

relates back to the original indictment's filing date "unless it broadens or substantially amends the charges made in the original indictment." *U.S. v. Schmick*, 904 F.2d 936, 940 (5th Cir. 1990).

The Fourth Superseding Indictment did not substantially amend the original indictment. It did not add new charges--in fact, it removed three charges of possession with intent to distribute a controlled substance. The initial indictment pertaining to the Defendant charged a drug conspiracy that began on January 1, 2010, and continued until October 16, 2016. Because the Defendant was charged on October 16, 2016, he was timely charged within the five year statute of limitations.

During the re-arraignment hearing, the Defendant acknowledged under oath that he facilitated the importation and distribution of cocaine from Mexico into the United States on an ongoing basis; that he was a member of a large-scale drug distribution conspiracy from January 1, 2010, to February 21, 2019; and that from 2010-2015, members of the conspiracy imported large quantities of cocaine from Mexico to Houston on a monthly basis. Exhibit 1 at 16. The Defendant further acknowledged that the Government had lawfully intercepted him and co-defendant Rene Salinas on wiretapped phone calls discussing the movement of cocaine shipments and drug proceeds on December 4-6, 2015. *Id*. at 17. The Defendant acknowledged that he provided co-defendant Jorge Angel Rangel- Plattner

(Rangel-Plattner) with approximately 18 kilograms of cocaine in Mexico on December 5, 2015, that Rangel Plattner transported to Houston *Id.* at 17. The Defendant also admitted to sending an additional 41 kilograms of cocaine from Mexico to Houston during this same time which was seized by law enforcement agents on December 6, 2015. *Id.* at 18.

The scope of the conspiracy clearly extended to December 2015, and the Defendant was clearly a member of the conspiracy during that time. The statute of limitations would not have expired until, at the earliest, December 2020. Therefore, the Defendant was timely charged originally in 2016 and again in 2019.

### C.     The Government would be substantially prejudiced should the Defendant be permitted to withdraw his guilty plea

"The movant's reasons must meet exceptionally high standards where the delay between the plea and the withdrawal motion has substantially prejudiced the Government's ability to prosecute the case." *Carr*, 740 F.2d at 344 (citing *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975)).   In this case, the Government would be substantially prejudiced by the Defendant's withdrawal of his guilty plea.  Most of the cooperating witnesses who would have testified at trial are now unavailable.

The Defendant was the last conspirator to be arrested in this case because he fled to Mexico and was a fugitive for years. All cooperating co-defendants have

been sentenced.  Most co-defendants have already served their time in custody and have been released.

According to the BOP website, co-defendants Edna Martinez-Jacobo and Jorge Rangel-Plattner, who the Defendant recruited as couriers to transport cocaine and drug proceeds during the cocaine trafficking scheme, have been released. Rene Salinas-Lopez, who the Defendant was intercepted speaking to coordinating the transportation of large kilograms quantities of cocaine and drug proceeds, release date was on February 11, 2026.[1] Because these witnesses have no legal status to be in the United States and have presumably been deported back to Mexico, they are now unavailable to testify at trial. Further, the Government's case agent, Drug Enforcement Agency (DEA) Special Agent Derrick Conn, retired from the DEA in December 2025.

"The likelihood of prejudice to the government is considerable where the withdrawal occurs after a key witness has become unavailable for trial." *United States v. McElhaney*, 469 F.3d 382, 386 (5th Cir. 2006).   Thus, this factor weighs heavily in favor of denying the Defendant's motion.

### D.    There has been a significant delay in the Defendant's filing

The Defendant delayed more than two years and four months in filing this motion from the time of his plea.  The Defendant's original counsel was terminated

---

[1] https://www.bop.gov/inmateloc/

on March 21, 2024, and replaced by attorney Gordon Dees ("attorney Dees"), who remains appointed. (D.E. 813, 814). The filing of this motion comes nearly two years after attorney Dees' appointment. On October 30, 2025, attorney Anthony Troiani ("attorney Troiani") was appointed to assist attorney Dees (D.E. 884) who ultimately filed the instant motion approximately three months later.

The delay in the Defendant's filing is well beyond what might be considered timely.  The Fifth Circuit has held that even a delay of 15 days weighed against the granting of a withdrawal motion.  *See United States v. Wiggins*, 674 F. App'x 396, 402 (5th Cir. 2017); *Ard*, 298 F. App'x at 339-40 (finding that a 19-day delay weighed against granting a motion to withdraw); *Carr*, 740 F.2d at 345 (finding that a motion to withdraw filed 22 days later was not promptly filed).  "The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id*.  Thus, this factor also weighs heavily in favor of denying the Defendant's motion.

### E.    The Defendant has the benefit of adequate assistance of counsel

Throughout these proceedings, the Defendant has had competent and capable counsel.  Since his plea of guilty, Defendant has had the benefit of continued competent and capable counsel who have filed extensive objections to the PSR and filings related to the Defendant's pending sentencing.

The Defendant cannot now claim that he did not receive close and effective assistance of counsel, especially considering his repeated affirmations during his plea colloquy that attorney Macias had advised him of the crimes to which he was pleading and his potential punishment, and that he had sufficient time to consult with counsel and was satisfied with his representation. The Defendant acknowledged under oath that attorney Macias had properly advised him and that he was satisfied with his advice. Exhibit 1, p. 7   At his re-arraignment, the Defendant confirmed under oath that he had talked to his lawyer about all aspects of the case, including defenses and was satisfied with his advice. *Id.* The Defendant offers nothing to counter this evidence.

Lastly, for the reasons discussed in Section B and below, attorney Macias was not ineffective for failing to file a motion to dismiss the indictment based on a violation of statute of limitations.

### F.    Attorney Macias was not ineffective for failing to litigate motions related to an alleged statute of limitations violation

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the  voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To establish ineffective assistance of counsel in connection with a guilty plea, a defendant must

satisfy the two-pronged test set out in *Strickland*. *Id*. at 58. Under *Strickland*, 466 U.S. at 687, a defendant seeking relief must demonstrate, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense.

With regard to the performance prong of the *Strickland* test, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In reviewing a claim of deficient performance, courts should presume that an attorney's performance "falls within the wide range of reasonable professional assistance." *Id*. at 689. As the Supreme Court recognized in *Strickland*, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to  conclude that a particular act or omission of counsel was unreasonable." *Id*. Accordingly, the Court held that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

The Supreme Court has recognized that pleading guilty "entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be

14

on given facts." *McMann*, 397 U.S. at 770. Thus, "pitch perfect counsel is neither expected nor required." *Anaya v. Lumpkin*, 976 F.3d 545, 552 (5th Cir. 2020). It is enough if an attorney's advice to plead guilty is "within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 771. In other words, to establish deficient performance, a defendant "must demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial." *Id*. at 772.

In the guilty-plea context, the prejudice prong of the *Strickland* test requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is "less than a preponderance of the evidence." *Anaya*, 976 F.3d at 554 (quotation marks and citations omitted).

A court should look at the totality of the circumstances in determining whether a defendant has satisfied the second *Strickland* prong. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc). One relevant factor is the likelihood of success at trial. *United States v. Kayode*, 777 F.3d 719, 726 (5th Cir. 2014). "As a general matter, a defendant who has no realistic defense to a charge supported by sufficient evidence will be unable to carry his burden of showing

prejudice from [entering] a guilty plea." *Lee v. United States*, 582 U.S. 357, 366-367 (2017). Another relevant factor is "the respective consequences of a conviction after trial and by plea." *Id*. As this Court has recognized, "[p]leading guilty usually does reduce the length of a defendant's sentence." *Young v. Spinner*, 873 F.3d 282, 288 (5th Cir. 2017). Thus, a defendant who pled guilty because his "major interest" was in "minimizing his sentence" will have a hard time demonstrating a reasonable probability that he would have gone to trial but for his counsel's bad advice. *See id*. To prove prejudice, a defendant "must put forth evidence to support his assertion that he would have proceeded to trial if he had known of the likely consequences of his plea." *Kayode*, 777 F.3d at 725. A "bare allegation is not sufficient." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). Notably, the required showing must include "contemporaneous evidence"-- "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee*, 582 U.S. at 369.

### 1.    Defense counsel's performance was not deficient.

Because there was no statute of limitations violation, attorney Macias' representation of the Defendant was clearly "within the wide range of reasonable professional assistance" in not filing a frivolous motion to dismiss and by recommending that the Defendant plead guilty in the face of overwhelming evidence. *Strickland*, 466 U.S. at 689.

16

**2.      The Defendant fails to demonstrate a reasonable probability that he would have proceeded if counsel had filed a motion to dismiss on speedy trial ground**

The second prong of the *Strickland* test requires a showing of prejudice. The issue under the prejudice prong is whether the Defendant established a reasonable probability that he would not have pled guilty had counsel filed a motion to dismiss the indictment on statute of limitation of grounds. The motion would have been denied. Thus, attorney Macias' filing the meritless motion would have been a waste of time, and any deficiency in his performance did not prejudice the Defendant.

**G.      The Defendant's plea was knowing and voluntary**

The Defendant entered a knowing and voluntary plea to the charge against him.  During the re-arraignment, the Court spent a considerable amount of time ensuring that the Defendant understood the proceedings, the plea agreement, and his rights.  The Court was satisfied that the Defendant entered a knowing and voluntary plea and made findings accordingly.  *Id.* at 20.

A defendant's sworn statement that his plea was knowing and voluntary creates a presumption that the plea is valid. *United States v. Landreneau,* 967 F.3d 443, 450 (5th Cir. 2020). The Defendant offers nothing to rebut the presumption. His only argument--that his plea was not knowing and voluntary because of the

17

alleged statute of limitations violation--fails for the reasons set forth above. This factor therefore weighs heavily in favor of denying the Defendant's motion.

### H.    Allowing the Defendant to withdraw his guilty plea would inconvenience the Court and result in the waste of judicial resources

As for judicial inconvenience and waste (the fourth and seventh *Carr* factors), the Fifth Circuit has held that a motion to withdraw is disruptive and inconvenient when the court has already reviewed the PSR and other materials. *United States v. Lord,* 915 F.3d 1009, 1015 (5th Cir. 2019). The PSR materials and sentencing filings by the parties in this case are voluminous. Presumably, the Court has been required to review those materials multiple times since the parties have been set and appeared in Court for sentencing twice already—first, on October 6, 2025, and then again on December 19, 2025.

Further, the Defendant had his initial appearance on September 21, 2022. By the time that the Defendant entered his guilty plea, his case had been pending for nearly one year from the date of his arrest.  The Defendant was advised that he had a right to trial; his case was set for trial on December 5, 2022, and continued several times before the Defendant, adamant of his guilt, defendant pled guilty and was adjudged guilty.

Allowing the Defendant to withdraw his plea now without any substantial basis would unnecessarily cause further delay, would require additional court

proceedings, and would result in an inconvenience to the court and a waste of judicial resources. These factors therefore weigh heavily in favor of denying the Defendant's motion.

V.

A criminal defendant is not "automatically entitled to an evidentiary hearing on a motion to withdraw his guilty plea." *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015) (affirming district court's denial of an evidentiary hearing on the defendant's motion to withdraw his plea).  A hearing is required only when the defendant "alleges sufficient facts, which, if proven, would justify relief [under *Carr*]." *Id.*  The Defendant has failed to prove that he is entitled to any relief based on the *Carr* factors, the Court should not allow the Defendant to waste additional judicial resources by holding a hearing and should deny his motion.

> NICHOLAS J. GANJEI
> United States Attorney
>
> ***/s Casey N. MacDonald***
> Casey N. MacDonald
> Assistant United States Attorney
> New Jersey Bar No. 04336200
> Federal ID No. 915752
> 1000 Louisiana
> Suite 2300
> Houston, Texas77002
> 713-567-9000 (office)
> 713-567-9798 (direct)

CERTIFICATE OF SERVICE

19

On February 19, 2026, the Government filed its Response in Opposition to the Defendant's Motion to Withdraw Guilty Plea and served counsel via ECF.

**/s Casey N. MacDonald**
Casey N. MacDonald
Assistant United States Attorney